UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:25-CR-85-TAV-JEM |
| RICHARD T. JACKSON, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Richard T. Jackson's Unopposed Motion for Continuance of Trial Date and Related Deadlines [Doc. 24], which he filed on December 30, 2025.

Defendant Jackson asks the Court to continue the trial in his case [*Id*. at 1]. In support of his motion, Defendant asserts the Court recently appointed him new counsel on December 18, 2025 [*Id*. ¶ 2]. Additionally, Defendant states his new counsel was first able to meet with him on December 30, 2025 [*Id*. ¶ 3]. Defendant further states he is being housed in a detention center in Kentucky, which is approximately two hours from his counsel's office [*Id*. ¶ 4]. Defendant contends his prior counsel provided his new attorney discovery, but due to the holiday season and counsel's schedule, his new counsel has been unable to review discovery and advise Defendant accordingly [*Id*. ¶ 5]. Defendant argues being required to proceed to trial on the current January 27, 2026, date would compromise his constitutional right to effective assistance of counsel [*Id*. ¶ 6]. Defendant's motion reflects the Government does not object to the requested continuance [*Id*. ¶ 7]. Defendant's counsel discussed Defendant's speedy trial rights, and Defendant agrees to waive those rights and consents to a continuance [*Id*. ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Specifically, defense counsel needs time to review discovery, confer with Defendant, and prepare the case for trial. The Court finds that this cannot occur before the January 27, 2026, trial date.

The Court therefore **GRANTS** Defendant's Unopposed Motion for Continuance of Trial Date and Related Deadlines [**Doc. 24**]. The trial date is reset to **May 12, 2026**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on December 30, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion for Continuance of Trial Date and Related Deadlines [**Doc. 24**] is **GRANTED**;

(2) the trial date is reset to commence on **May 12, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **December 30, 2025**, and the new trial date of **May 12, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 13, 2026**;

(5) the deadline for filing motions *in limine* is **April 27, 2026**, and responses to motions *in limine* are due on or before **May 5, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **April 28, 2026, at 11:30 a.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 1, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge